# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY RICE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civ. Action No. 12-0883 (ABJ) |
| | ) |
| ERIC HIMPTON HOLDER, JR. *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a resident of Riverdale, Maryland, suing twenty individuals for alleged constitutional and statutory violations stemming from his former incarceration at the Rivers Correctional Institution ("RCI") in Butner, North Carolina.[1] Plaintiff sues such high-level officials as U.S. Attorney General Eric Holder, Jr., District of Columbia Congresswoman Eleanor Holmes Norton, former Bureau of Prisons ("BOP") Director Harley Lappin, and North Carolina Governor Beverly Perdue, as well as employees of the BOP and RCI, each in his or her individual capacity. Compl. ¶¶ 1-15.

Plaintiff alleges that on August 11, 2011, he "was extradited illegally via designation to [RCI] a privatized prison in North Carolina." Compl. ¶ 17. Plaintiff further alleges that during his confinement there, he was deprived of adequate dental and medical care, "denationalized," and subjected to retaliation, among other wrongs. *See id.* ¶¶ 26-46. Plaintiff seeks $1.5 million in monetary damages from each defendant. *Id.* ¶¶ 1-5, 59-60.

---

[1] Rivers Correctional Institution is a private contract facility housing Bureau of Prison inmates. *See* http://www.bop.gov (Prison Facilities); *Davis v. Fed. Bureau of Prisons*, 535 F. Supp. 2d 42, 43 (D.D.C. 2008) (RCI is "a contract correctional facility administered by the Wackenhut Corrections Corporation.").

Governor Perdue moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief can be granted. Mot. to Dismiss [Dkt. # 16]. Plaintiff has opposed this motion mostly by reframing the complaint's allegations. *See generally* Response to Mot. to Dismiss [Dkt. # 36]. In addition, Congresswoman Holmes Norton moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(i). Mot. to Dismiss [Dkt. # 42]. Plaintiff has yet to respond to this motion. *See* Min. Order of October 12, 2012 (enlarging the time to November 9, 2012, for plaintiff to respond to any outstanding motions to dismiss). The court nevertheless is required to dismiss the complaint of an individual proceeding *in forma pauperis* "at any time" it determines that the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Since the complaint against Congresswoman Holmes Norton qualifies for such treatment, the court will grant her motion, along with Governor Perdue's motion to dismiss. In addition, the court, acting on its own motion, will dismiss the complaint against Attorney General Holder and former BOP Director Lappin, who have yet to respond to the complaint, under § 1915(e)(2)(B)(ii).

**Plaintiff's Causes of Action**

As an initial matter, plaintiff purports to sue "for money damages" under "the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution[,] Title 28 U.S.C. 2441(c),(3), Federal Tort Claims Act, 1974 Privacy Act 5 U.S.C. 552(a)(1) (g)(4); Bivens Action 1331, North Carolina General Statute sec. 1D-15, Respondeat Superior Theory, Title 18 sec. 371 (Conspiracy)." Compl. at 1. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the Supreme Court recognized an implied right of action for damages against federal officials in their personal capacity for certain

constitutional violations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-68 (2001) (discussing limitations of *Bivens*).  But neither the Privacy Act, the Federal Tort Claims Act, nor the federal criminal conspiracy statute plaintiff has cited, 18 U.S.C. § 371, provides a private right of action against individuals.  *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (Privacy Act is against agencies only); 28 U.S.C. § 2674 (extending FTCA liability only to "the United States"); *Keyter v. Bush,* Civ. Action No. 03-2496, 2004 WL 3591125, *2 (D.D.C. Aug. 6, 2004) (listing the criminal conspiracy statute as one of criminal code provisions not conveying a private right of action).  Hence, the court, construing the complaint liberally, finds the only cognizable federal claim among plaintiff's laundry list of causes to be brought under *Bivens*.  And liability under *Bivens* cannot be based on plaintiff's asserted "Respondeat Superior Theory," Compl. at 1.  *See Iqbal*, 556 U.S. at 676.

**Defendants' Motions to Dismiss**

**1.  *Legal Standard***

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted); *see Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted).

In considering a motion to dismiss for failure to state a claim, a court generally "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "grant plaintiff[] the benefit of all inferences that can be derived from the

3

facts alleged." *Kowal v. MCI Commun's Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the court need not accept a plaintiff's legal conclusions or the inferences he draws if those inferences are unsupported by the alleged facts. *Id*. "Nor must the court accept legal conclusions cast as factual allegations." *Id.*; *see Warren v. District of Columbia*, 353 F.3d 36, 39-40 (D.C. Cir. 2004) (differentiating unacceptable conclusions of law from acceptable conclusions of fact).

### 2. *Analysis*

To be held liable under *Bivens*, the individual defendant must have participated personally in the alleged wrongdoing. *See Iqbal*, 556 U.S. at 676; *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997). Plaintiff alleges that Governor Perdue "consented to allow a Private Corporation to enslave, denationalize, extradite, and incarcerate the plaintiff in exile against his will within the state of N.C. . . . She also is complicit to the transporting of the plaintiff across state lines by armed guards while in shackles." Compl. ¶ 20. He makes similar allegations against Congresswoman Holmes Norton. *Id*. ¶ 19. Since these conclusory statements fail to establish either defendant's personal involvement in the alleged wrongdoing at RCI, and plaintiff cannot state any credible facts to cure this defect, the Court will grant each official's motion to dismiss under Rule 12(b)(6).[2] *See Iqbal*, 556 U.S. at 676

---

[2] Congresswoman Holmes Norton also argues for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction on the ground that plaintiff has not established his standing to sue her because "he has not satisfied the causation prong of the standing analysis as to her." Mem. of P. & A. in Supp. of Mot. to Dismiss of Def. The Hon. Eleanor Holmes Norton [Dkt. # 42] at 2-3. Plaintiff's allegation that Congresswoman Holmes Norton conspired with other defendants to deprive him of a constitutional right – albeit far-fetched – suffices to establish his standing to sue when viewed through the liberal lens accorded a *pro se* pleading. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (at a minimum, standing requires (1) an "injury in fact" suffered by the plaintiff, (2) a causal connection between the alleged injury and the defendant's alleged conduct, and (3) the likelihood that the court can redress the injury). Hence, the court will not dismiss the complaint under Rule 12(b)(1).

("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Cameron v. Thornburgh*, 983 F.2d 253, 257-58 (D.C. Cir. 1993) (dismissing claims against high-level policymakers "[i]n the absence of any [factual] allegations specifying [their] involvement" in prisoner's treatment at a BOP facility in Terre Haute, Indiana); *accord Brown v. Fogle*, 819 F. Supp. 2d 23, 28 (D.D.C. 2011).

Since the same reasoning applies to plaintiff's similarly styled allegations against Attorney General Holder, Compl. ¶ 18, and plaintiff has alleged no facts supporting his puzzling conclusion that former BOP Director Lappin "violated Article 6 Cl. 3 of the Federal Constitution in violation of N.C. Gen. Stat. 148-37.1," *id*. ¶ 21, the complaint against these defendants, too, will be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the court will grant the separate motions of defendants Beverly Perdue and Eleanor Holmes Norton to dismiss the complaint under Rule 12(b)(6), and, acting *sua sponte*, will dismiss the complaint against defendants Eric H. Holder, Jr., and Harley G. Lappin under 28 U.S.C. § 1915(e)(2)(B)(ii).  A separate order accompanies this Memorandum Opinion.

_____/s/_____  
AMY BERMAN JACKSON  
United States District Judge

DATE:  October 17, 2012